# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**EUGENE MONTOYA,**

    **Plaintiff,**

**v.**      **No. CIV 97-1621 BB/DJS**

**STATE OF NEW MEXICO,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER
## GRANTING SUMMARY JUDGMENT

**THIS MATTER** is before the Court on the motion of Defendant, State of New Mexico, for a summary judgment on Plaintiff's claim under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). Since it is undisputed Plaintiff never informed Defendant of his claimed disability, and there are insufficient facts to put Defendant "on notice" of such disability, there can be no material fact as to Defendant's duty to accommodate Plaintiff. The motion must therefore be GRANTED.

**Legal Standard**

"Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995) (quoting Fed. R. Civ. P. 56(c)). "All facts and reasonable inferences must be construed in the light most favorable to the nonmoving party." *Id.* "Nevertheless, a jury question does not exist because of the presence of a mere scintilla of evidence; rather, there must be a conflict in substantial evidence to create a jury question." *Walker v. NationsBank of Florida*, 53 F.3d 1548, 1555 (11th Cir. 1995). On a motion for summary judgment, the issue is "not whether [the court] thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court will consider Defendant's motion for summary judgment in light of these standards.

**Undisputed Facts**

Plaintiff, Eugene Montoya, was an employee of the New Mexico Museum of Natural History and Science for twelve years. He was classified as an Administrator III at the time he was terminated on January 7, 1997. His termination was the result of a series of incidents in which Plaintiff had used foul and abusive language toward his co-workers and supervisor.

The first incident occurred on August 24, 1995, when Plaintiff called co-employee, Harold Miller, a "mother fucker" and told Mr. Miller to "kiss my ass." Plaintiff received a letter of reprimand from his supervisor, Charles Mann, for this conduct. This letter clearly stated, "Future outbursts of abuse will not be tolerated and will result in formal warning."

On April 30, 1996, Plaintiff again confronted Harold Miller, now his supervisor. When questioned about his conduct, Plaintiff responded, "Why are you ragging me?" When Mr. Miller warned him to "be careful," Plaintiff responded, "I'm going to kick your ass, you mother fucker." Plaintiff was warned again and a formal memo placed in his personnel file.

On May 2, 1996, Madeleine Zeigler, an exhibit specialist, sought Plaintiff's help in setting up a classroom. He rolled up his sleeve, pointed at his skin and said either "I'm white and the next time you treat me like a nigger, I'm going to

3

get really pissed" (Defendant's version) or "I'm not a black. Treat me with some respect" (Plaintiff's version).

Plaintiff was suspended for two days without pay as a result of his conduct on April 30 and May 2, 1996.

On November 18, 1996, Harold Miller handed Plaintiff a written reprimand for failing to call in when absent. Noting Mr. Miller was smiling, Plaintiff said, "Well, if you enjoy that so much, in my book that makes you a sorry SOB."

Plaintiff was terminated on January 6, 1997. After a hearing before the New Mexico Personnel Board Hearing Officer three days later, Plaintiff's termination was affirmed for just cause.

## Discussion

### Actual ADA Notice

Plaintiff admits he never directly told anyone at his workplace that he was disabled and/or requested an accommodation under the ADA. Rather, Plaintiff argues that since at least one supervisor knew that Plaintiff regularly went to the Veterans' Administration ("VA") and that they were "experimenting" with

different drugs,[1] it should have been obvious that Plaintiff was depressed and supervisory personnel were then obligated to ask Plaintiff about potential accommodations. When reduced to this proposal the logical infirmity of both prongs of Plaintiff's argument is exposed.

The burden of informing the employer of any claim of disability and need for accommodation is on the employee. *Hunt -Golliday v. Metropolitan Water Reclamation Dist.*, 104 F.3d 1009 (7th Cir. 1997); *Miller v. National Cas. Co.*, 61 F.3d 627 (8th Cir. 1995); *Davis v. Cottage Hill Baptist Church*, 6 A.D. Cases 1173 (S.D. Ala. 1995). *Cf.* 29 C.F.R. § 1630.9 App. ("it is the responsibility of the individual with a disability to inform the employer that an accommodation is needed). While it is true that an employer may be required to recognize and accommodate an obvious disability, the mere fact that the employee may be absent for medical reasons is hardly sufficient to put the employer on notice that the employee is claiming a disability under the ADA. *Van Stan v. Fancy Colours & Co.*, 125 F.3d 563 (7th Cir. 1997); *Kotlowski v. Eastman Kodak Co.*, 922 F. Supp. 790 (W.D.N.Y. 1996); *Carlson v. InaCom Corp.*, 4 A.D. Cases 600 (D. Neb. 1995).

---

[1] The supervisor's notes indicate that when Plaintiff had used up his leave, he was specifically asked if there was a problem that effected his work situation and given a packet on the Employee Assistance Program. Plaintiff did not claim a disability or seek an accommodation, but merely indicated he obtained frequent medical care from the VA.

**Imputed Notice**

The reasons that mental disabilities are very rarely in the category of obvious defects is clearly illustrated by the present record.  No employer could be expected to recognize the Plaintiff's sporadic outbursts as a mental illness, much less to diagnose it as a sign of depression, or its depression medication, and then create an appropriate accommodation.  The district court granted summary judgment on very similar facts in *Rogers v. CH2M Hill, Inc.*, 18 F. Supp. 2d 1328 (M.D. Ala. 1998).  In that case, the plaintiff, Dennis Rogers, worked for CH2M as a senior engineer and was terminated on January 2, 1996, for poor performance.  After his termination, Rogers revealed, for the first time, he was being treated for depression.  Although expressing some doubt that depression affected a major life activity,[2] the court assumed plaintiff had an ADA claim.  Since Rogers provided no notice of a disability, the court addressed whether the plaintiff's claim was so obvious it should have been addressed by his employer:

> The court is inclined to believe that symptoms of depression or anxiety could never clearly be such manifestations of an illness that the employer would be held to have imputed knowledge of that illness. …

---

[2] *See, e.g., Breiland v. Advance Circuits, Inc.,* 976 F. Supp. 858 (D. Minn. 1997) (summary judgment granted on the basis that psychologist did not show depression and schizoid personality disorder affected major life activity).

> Also, as recognized by the district court for the Southern District of New York in dealing with a similar argument in an ADA termination case, there is always one sense in which a depressed plaintiff's condition is obvious. *See Stola v. Joint Ind. Bd.*, 889 F. Supp. 133, 135 (S.D.N.Y. 1995). Defendant knows in those sort of cases that plaintiff is not adequately performing his job; that there are problems with his work. There is nothing, however, to suggest to employers that the poor performance of the plaintiff is not necessarily the result of some other factor such as general "poor performance … mere misbehavior," or lack of ability. *Id.* An employer simply cannot know, and should not be held with surmising, that an employee suffers from depression or anxiety based on the mere fact that the employee is not performing his job. *See id.*

18 F. Supp. 2d at 1336-37. *See also Crandall v. Paralyzed Veterans of Am.*, 146 F.3d 894 (D.C. Cir. 1998); *Mazzarella v. United States Postal Serv.*, 849 F. Supp. 89 (D. Mass. 1994).

Placing the burden on the employee to confront a combative employee about whether a mental illness was causing inappropriate outbursts would be contrary to the underlying goals of the ADA, which was designed to combat erroneous presumptions about disabled workers. Plaintiff's position would require all employers, to question any failing worker about his mental condition. In effect, it would create the presumption that incompetent workers were mentally

7

ill and require the employer to create an accommodation for all incompetent employees.

Thus, an employer cannot be held liable under the ADA for termination of an employee when it had no notice of the disability. *Crandall v. Paralyzed Veterans, supra*; *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 932 (7th Cir. 1995); *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178 (6th Cir. 1993); *Grinstead v. Pool Co. of Tex.*, 1994 WL 25515 (E.D. La.), *aff'd*, 26 F.3d 1118 (5th Cir. 1994). For that reason, the courts have uniformly rejected the employee's first notice of disability after the action alleged to violate the ADA. *Collings v. Longview Fibre Co.*, 63 F.3d 828 (9th Cir. 1995), *cert. denied*, 516 U.S. 1048 (1996); *Miller v. National Cas. Co., supra*; *Green v. George L. Smith II Ga. World Cong. Ctr. Auth.*, 987 F. Supp. 1481 (N.D. Ga. 1997); *Gore v. GTE S., Inc.*, 917 F. Supp. 1564 (M.D. Ala. 1996); *Larson v. Koch Ref. Co.*, 920 F. Supp. 1000 (D. Minn. 1996); *Lewis v. Zilog, Inc.*, 908 F. Supp. 931 (N.D. Ga. 1995); *Mears v. Gulfstream Aerospace Corp.*, 906 F. Supp. 1075 (S.D. Ga. 1995); *Fussell v. Georgia Ports Auth.*, 906 F. Supp. 1561 (S.D. Ga. 1995). *Cf. Adams v. Strombecker Corp.*, 153 F.3d 726 (10th Cir. 1998) (too late to raise issue that plaintiff "regarded as" disabled at pretrial). Summary judgment is appropriate on such a record. *Taylor v.*

*Principal Fin. Group, Inc.*, 93 F.3d 155, 163 (5th Cir.), *cert. denied,* 117 S. Ct. 586 (1996); *Landefeld v. Marion Gen. Hosp., supra.*

**<u>Duty to Accommodate</u>**

Plaintiff is correct that there is legal authority to support the second prong of his argument that "when an employee suffers from mental illness the employer is required to engage in interactive process." (Plaintiff's Mem. at 4). However, this obligation does not arise until the employee requests an accommodation or at least notifies the employer he is claiming an ADA disability. *Morisky v. Broward Cty.*, 80 F.3d 445 (11th Cir. 1996); *Miller v. National Cas. Co., supra*; *Lewis v. Zilog, Inc., supra*; *Hensley v. Baptist Hosp.*, 7 A.D. Cases 1798 (E.D. Tenn. 1997); *Sharp v. Abate*, 887 F. Supp. 695 (S.D.N.Y. 1995). Here, the Plaintiff did not claim an ADA disability until the formal hearing on his termination. An employer is not required to retroactively accommodate unacceptable workplace behavior. *Office of Senate Sergeant at Arms v. Office of Senate Fair Empl. Prac.*, 6 A.D. Cases 1237 (Fed. Cir. 1996); *Green v. George L. Smith II Ga. World Cong. Ctr. Auth., supra.*

## **O R D E R**

For the above stated reasons, Defendant's motion for summary judgment is GRANTED.

Dated at Albuquerque this 24th day of March, 1999.

                                                                                        _____
                                                                                        **BRUCE D. BLACK**
                                                                                        **United States District Judge**

**Counsel for Plaintiff:**

     Albert N. Thiel, Jr., Robinson DiLando & Whitaker, Albuquerque, NM

**Counsel for Defendant:**

     Paula G. Maynes, Miller Stratvert & Torgerson, Albuquerque, NM